UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
APR 21 2006

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| MICHAEL S. BROOME, | \* | CIV. 05-4069 |
| Plaintiff, | \* | |
| vs. | \* | MEMORANDUM OPINION AND ORDER |
| MR. PEED, Correctional Officer;<br>J. LARSON, C. Officer; C.O. TJEERDMAN;<br>and J. BRUESELIER, Captain, | \* | |
| Defendants. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendants filed a Motion for Summary Judgment, Doc. 32, seeking dismissal of this action without prejudice because Plaintiff failed to exhaust all available prison grievance remedies. Plaintiff has not filed a response to Defendants' motion.

The Eighth Circuit explained that if a prisoner does not exhaust his administrative remedies before filing suit, dismissal is mandatory:

> Under the plain language of [42 U.S.C.] section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court. Thus, in considering motions to dismiss for failure to exhaust under section 1997e(a), the district court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred. If exhaustion was not completed at the time of filing, dismissal is mandatory.

*Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

In considering a motion for summary judgment, the Court asks the question whether the record, when viewed in the light most favorable to the non-moving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). "Once the motion for summary judgment is made and supported, it places an affirmative burden on the non-moving party to go beyond the pleadings and 'by affidavit or

otherwise' designate 'specific facts showing that there is a genuine issue for trial.'" *Commercial Union Ins. Co. v. Schmidt*, 967 F.2d 270, 271 (8th Cir. 1992) (quoting Fed.R.Civ.P. 56(e)).

Defendants submitted an Affidavit of Pam Linneweber, Doc. 34, to establish that Plaintiff has not exhausted his administrative remedies. Linneweber is the custodian of Plaintiff's institutional file, which would contain any informal resolution request forms or requests for administrative remedy forms that Plaintiff would have to use to exhaust his administrative remedies. Linneweber searched Plaintiff's institutional file for any such forms relating to the April 4, 2004 incident of which Plaintiff complains in his complaint. She found no forms in Plaintiff's institutional file relating to his claim of excessive force on April 4, 2004. Inmates are given copies of forms used in the administrative remedy system, but Plaintiff has not responded to Defendants' motion to contest Linneweber's Affidavit. Thus, Plaintiff has not gone beyond the pleadings and designated specific facts showing there is a genuine issue for trial. Based upon the record, Defendants are entitled to dismissal of Plaintiff's complaint for failure to exhaust administrative remedies. Accordingly,

IT IS ORDERED that Defendants' Motion for Summary Judgment, Doc. 32, is granted and this action is dismissed without prejudice, pursuant to 42 U.S.C. § 1997e(a), for failure to exhaust administrative remedies.

Dated this 21st day of April, 2006.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
          DEPUTY